THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Sherie North Ritchie,<br><br>                    Plaintiff,<br><br>v.<br><br>Michelle A. King,<br>Acting Commissioner of Social Security,<br><br>                    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00038-DBB-DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for Review of Agency Action.[1] Plaintiff applied for disability insurance benefits under Title II of the Social Security Act alleging disability beginning June 6, 2002. An administrative law judge (ALJ) held a hearing and found Plaintiff not disabled through her last insured date, December 31, 2008.[2] The Social Security Agency's Appeals Council denied Plaintiff's request for review and this appeal followed. As set forth herein, the undersigned recommends that Plaintiff's Motion be denied, and the decision be affirmed.

## BACKGROUND

Plaintiff Sherie Ritchie, applied for disability insurance benefits in October 2019 alleging disability beginning June 6, 2002. Ms. Ritchie was 36 years of age as of her alleged onset date. An ALJ held a hearing on Plaintiff's application in October 2022. Ms. Ritchie alleged disability

---

[1] ECF No. 18. Judge David Barlow referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.)

[2] Administrative Record (AR) 10-16.

due to inclusion body myositis (IBM),[3] bilateral acute pyelonephritis,[4] and left ovarian cyst. After the hearing, the ALJ sent medical interrogatories to Dr. Jason Lin, an impartial neurologist. Dr. Lin submitted responses to the interrogatories in March 2023, and the ALJ considered them in the decision.

In the decision, the ALJ determined at Step 1 of the sequential evaluation process,[5] that Ms. Ritchie did not engage in any substantial gainful activity from her alleged onset date of June 6, 2002, through her last insured date of December 31, 2008. Turning next to the medical records, the ALJ found at Step Two, that Plaintiff did not establish any medically determinable impairments.[6] Thus, Ms. Ritchie was found not disabled. The Appeals Council denied Plaintiff's request for review making the ALJ's decision final. This appeal then followed.

---

[3] The National Institute of Neurological Disorders and Stroke provides that "Inclusion body myositis (IBM) is one of a group of muscle diseases known as the inflammatory myopathies, which are characterized by chronic, progressive muscle inflammation accompanied by muscle weakness. The onset of muscle weakness in IBM is generally gradual (over months or years) and affects both proximal (close to the chest) and distal (further away from the chest) muscles." *Inclusion Body Myositis*, National Institute of Neurological Disorders and Stroke, *Available at* Inclusion Body Myositis (last visited February 7, 2025).

[4] Bilateral acute pyelonephritis is a bacterial infection causing inflammation of the kidneys. *Acute Pyelonephritis*, National Institute of Health National Library of Medicine, *available at* Acute Pyelonephritis (last visited February 7, 2025).

[5] The Tenth Circuit described the five-step evaluation process as follows:

> Step one requires the agency to determine whether a claimant is presently engaged in substantial gainful activity. If not, the agency proceeds to consider, at step two, whether a claimant has a medically severe impairment or impairments. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition listed in the appendix of the relevant disability regulation. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks omitted).

[6] AR 13.

## STANDARD OF REVIEW

The court examines the ALJ's decision, which is the final agency decision for review,[7] to determine whether it is free from legal error and supported by substantial evidence.[8] "On judicial review, an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'"[9] "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."[10] Substantial evidence, is "more than a mere scintilla"[11] and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12] The standard is not high.[13] The court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close."[14]  Finally, the court may not "reweigh the evidence nor substitute [its] judgment for that of the agency."[15]

## DISCUSSION

As set forth in the regulations, to qualify for benefits a claimant must establish disability on or before their last unsured date.[16] A claimant's statements about pain or other symptoms

---

[7] *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

[8] *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir 2009).

[9] *Biestek v. Berryhill*, 587 U.S. 97, 102, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)) (brackets omitted).

[10] *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

[11] *Consolidated Edison Co v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206 (1938).

[12] *Id.* at 229.

[13] *See Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S.Ct. 1816 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

[14] *Biestek*, 587 U.S. at 98.

[15] *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

[16] *See* 20 C.F.R. §§ 404.101, 404.120, 404.130, 101.315.

alone does not establish disability. Rather, there "must be objective medical evidence from an acceptable medical source that shows … a medical impairment(s)."[17] Here, there is little objective medical evidence in the record of Plaintiff's alleged impairments prior to her last inured date—December 31, 2008.

Recognizing the "minimal treatment or examination findings" in the record, the ALJ requested Dr. Jason Lin, an impartial neurologist, to examine the medical record. Dr. Lin opined that Ms. Ritchie's medically determinable impairment did not "cause a significant impairment prior to 2014, over five years after the date last insured."[18] The ALJ found Dr. Lin's opinion persuasive in finding Ms. Ritchie not disabled. The ALJ also considered the statements of the State agency consultants and Ms. Ritchie's husband in finding the evidence "does not substantiate" Plaintiff's impairments.[19]

Ms. Ritchie argues this "is a sad case" because she is dealing with a terrible disease IBM, "which was not even correctly diagnosed until 2014."[20] So, "there were not typical, clinical-like medical records generated during" the time frame needed to establish disability. In addition, it is even more difficult here because Plaintiff's husband is a physician, and she received treatment from him at home and not in a clinical setting.[21] This further undermines the availability of medical records. Notwithstanding these difficulties, Plaintiff raises two issues asserting the following

> Did the ALJ convincingly explain: (1) how Ms. Ritchie's lack of medical
> evidence due to the inability of any medical providers to recognize and correctly

---

[17] 20 C.F.R. § 404.1529

[18] AR 15.

[19] AR 16.

[20] Plaintiff's Motion for Review of Agency Action at 2, ECF No. 18. The court cites to the numbering at the bottom of Plaintiff's Motion.

[21] *See id.*

diagnose her IBM until after her date last insured; and (2) how Ms. Ritchie's lack of medical evidence due to her husband's monitoring of her condition through December 31, 2008 could excuse compliance with the regulation requiring impairments generating symptoms and functional limitations to be supported by objective medical evidence.[22]

Although the court agrees that this is a "sad case", the record, regulations, and case authority undermine Plaintiff's arguments.

In *Potter v. Sec'y of Health & Hum. Servs.*,[23] the Tenth Circuit noted that a "treating physician may provide a retrospective diagnosis of a claimant's condition."[24] Yet, this alone is not enough. The "relevant analysis is whether the claimant was actually *disabled* prior to the expiration of … insured status. A retrospective diagnosis without evidence of actual disability is insufficient. This is especially true where the disease is progressive."[25] *Potter* is directly on point with the instant appeal.

Here, Plaintiff suffered from a progressive disease, IBM, that was not diagnosed until after her insured status expired. The medical records from the relevant time frame were considered by the ALJ. They failed to provide evidence of actual disability prior to the expiration of insured status. The ALJ also considered Plaintiff's testimony and her husband's statement. Finding neither provided a sufficient basis to find Plaintiff disabled. An opinion was also sought from an impartial neurologist, who opined there were no significant impairments prior to 2014, which was years after Ms. Ritchie's insured status expired.

The court is tasked with determining whether the decision is supported by substantial evidence and whether the correct legal standards were applied. Based on the record, the

---

[22] *Id.* at 13.

[23] 905 F.2d 1346 (10th Cir. 1990).

[24] *Id.* at 1348.

[25] *Id.* at 1348–49 (emphasis in original) (internal citations omitted).

undersigned finds both determinations are answered in the affirmative. There is sufficient evidence in the record to support the ALJ's decision and the ALJ applied the correct legal standards. Plaintiff's arguments are unpersuasive and are akin to asking the court to reweigh the evidence, sympathetically find some error in the ALJ's analysis, or have the court sidestep the applicable legal standards. The court declines to do so. In short, Plaintiff failed to meet her burden to establish disability and the ALJ's Step Two determination denying disability benefits is supported by substantial evidence in the record.

## RECOMMENDATION

Based upon the forgoing, the undersigned RECOMMENDS that Plaintiff's Motion for Review of Agency Action[26] be DENIED and the Commissioner's decision be AFFIRMED.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10 February 2025.

Dustin B. Pead
United States Magistrate Judge

---

[26] ECF No. 18.